# ORIGINAL



FILED IN CLERK'S OFFICE
U.S.D.C Atlanta

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

AUG 02 2006

JAMES N. HATTEN, Clerk
By: *JKPuckley* Deputy Clerk

| | |
|---|---|
| KELLY HOLMES,<br>   Plaintiff | )<br>)<br>) CIVIL ACTION<br>) FILE NO. |
| vs. | )<br>) **1 06 CV 1806**<br>) |
| TRAUNER, COHEN & THOMAS, L.L.P. and<br>ROBERT PRATHER, | ) **JURY TRIAL DEMANDED**<br>) |

## COMPLAINT

Plaintiff Kelly Holmes, by and through counsel, brings this action against

Defendants Trauner, Cohen & Thomas, L.L.P. (hereinafter "TCT") and Robert

Prather on the grounds and in the amounts set forth herein.

### I.  PRELIMINARY STATEMENT

1.    This action seeks redress for the Defendants violations of the Fair Debt

Collection Practices Act (hereinafter FDCPA) 15 U.S.C. § 1692, *et seq.* in

connection with the collection of a consumer debt.

### II.  PARTIES

2.    Plaintiff Kelly Holmes is a natural person and a "consumer" as defined by

the FDCPA, 15 U.S.C. § 1692a(3).

1

3.   Defendant TCT is a Georgia Limited Liability Partnership engaged in the business of collecting debts in the state of Georgia.

4.   Defendant TCT may be served at 2880 Dresden Drive, Atlanta, Georgia 30341.

5.   Defendant TCT is engaged in the collection of debts from consumers using the mail and telephone.

6.   Defendant TCT regularly attempts to collect consumer debts alleged to be due to another.

7.   Defendant TCT is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

8.   Defendant Robert Prather is engaged in the collection of debts from consumers using the mail and telephone.

9.   Defendant Robert Prather regularly attempts to collect consumer debts alleged to be due to another.

10.   Defendant Robert Prather is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

11.   Upon information and belief, Defendant Robert Prather was employed by Defendant Trauner as a debt collector at the time of the events as detailed in section five of this Complaint.

12.   The Defendants are engaged in the collection of debts from consumers using the mail and telephone.

13.   The Defendants regularly attempt to collect consumer debts alleged to be due to another.

14.   The Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

15.   Upon information and belief, Defendant Prather is not a Georgia licensed attorney.

16.   Upon information and belief, Defendant TCT is not a "debt relief agency" as defined by the U.S. Bankruptcy Code, 11 U.S.C. § 101(12A).

17.   Upon information and belief, Defendant Prather is not a "debt relief agency" as defined by the U.S. Bankruptcy Code, 11 U.S.C. § 101(12A).

## III.  JURISDICTION AND VENUE

18.   Jurisdiction is conferred on this Court by FDCPA, 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

19.   Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## IV. STATUTORY STRUCTURE

20.    The FDCPA was passed to eliminate abusive debt collection practices by
debt collectors, to insure that those debt collectors who refrain from using
abusive debt collection practices are not competitively disadvantaged, and to
promote consistent State action to protect consumers against debt collection
abuses. 15 U.S.C. § 1692.

21.    Under the FDCPA, a "consumer" is any natural person obligated or
allegedly obligated to pay any debt. 15 U.S.C. §1692a(3).

22.    Under the FDCPA, "debt" means any obligation or alleged obligation of a
consumer to pay money arising out of a transaction in which the money,
property, insurance, or services which are the subject of the transaction are
primarily for personal, family, or household purposes.  15 U.S.C. §
1692a(5).

23.    Under the FDCPA, a "debt collector" is any person who uses any
instrumentality of interstate commerce or the mails in any business the
principal purpose of which is the collection of any debts, or who regularly
collects or attempts to collect, directly or indirectly, debts owed or due or
asserted to be owed or due to another.  15 U.S.C. § 1692a(6).

4

24.   Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damage sustained; statutory damages up to $1,000; attorneys' fees as determined by the Court and costs of this action. 15 U.S.C. § 1692k.

### V.    FACTUAL ALLEGATIONS

25.   The Defendants' were engaged in the collection of a consumer purpose debt originally owed by the Plaintiff to Wells Fargo Financial for a consumer purpose loan for the purchase and installation of heating equipment at the Plaintiff's residence (hereinafter "loan" or "debt").

26.   Upon information and belief, Plaintiff opened the loan with Wells Fargo Financial on December 16, 2002.

27.   Upon information and belief, the annual percentage rate on the Plaintiff's loan is and remains 10.00%.

28.   Upon information and belief, Plaintiff's account went into default in May 2004.

29.   In May 2006, the Defendants began engaging in efforts to collect the debt from the Plaintiff.

30.    On or about May 25, 2006, Defendant TCT mailed the Plaintiff a collection
       letter in an attempt to collect the debt with an alleged balance due of
       $3,272.92.

31.    On July 18, 2006, Plaintiff telephoned the Defendants regarding repayment
       of the debt.

32.    On July 18, 2006, Defendant Prather, on behalf of Defendant TCT and with
       the intent to deceive and mislead the Plaintiff, advised the Plaintiff that the
       balance owed on the debt was $3,425.48.

33.    On July 18, 2006, Plaintiff asked Defendant Prather can you tell me what the
       interest rate is on it.

34.    On July 18, 2006, Defendant Prather, on behalf of Defendant TCT and with
       the intent to deceive and mislead the Plaintiff, informed the Plaintiff that the
       interest rate on the debt was 7% and it accumulates on a monthly basis, as it
       stands right now with this balance of the interest that's been assessed so far
       it is $34.52 the principal on this is $3,272.92.

35.    On July 18, 2006, Plaintiff informed Defendant Prather that a family
       member was suggesting that she file for bankruptcy but that she was calling
       in an effort to settle the account to avoid bankruptcy.

36.    On July 18, 2006, Defendant Prather informed the Plaintiff that they were

willing to accept a payout in the amount of $2,569.11, a 75% settlement.

37.    On July 18, 2006, Plaintiff informed Defendant Prather that she could

possibly receive $1,000.00 from her family member to payoff the debt.

38.    On July 18, 2006, Defendant Prather, on behalf of Defendant TCT and with

the intent to abuse, annoy, deceive, harass and mislead the Plaintiff,

informed the Plaintiff that $1,000.00 was going to be 29% and that's going

to be too low, they won't go that low on settlement because it stands right

now this is pending legal status right now and you don't want to be

garnished on this where they would take 25%, Georgia is a garnishable state.

39.    On July 18, 2006, Defendant Prather, on behalf of Defendant TCT and with

the intent to abuse, annoy, deceive, harass and mislead the Plaintiff, told the

Plaintiff that Bankruptcy is only a public admission of failure.

40.    On July 18, 2006, Defendant Prather, on behalf of Defendant TCT and with

the intent to abuse, annoy, deceive, harass and mislead the Plaintiff, told the

Plaintiff that the bankruptcy laws have changed now since October 17th of

last year, what you would have to do is instead of filing bankruptcy would

be to go to a consumer credit counseling service and do an application there

if you are denied there then you would have to talk to an attorney and then

they would have to set you up because creditors they want their money now.

41. On July 18, 2006, Plaintiff asked Defendant Prather when they were going

to file suit against her for the debt.

42. On July 18, 2006, Defendant Prather, on behalf of Defendant TCT and with

the intent to abuse, annoy, deceive, harass and mislead the Plaintiff,

informed the Plaintiff that as it stands right now it is due to go into trial, they

are going to file a suit against you by the 31st of this month, Douglas county

will serve you with a summons and complaint and you will have time to

make a judgment legal decision on that settlement status then if you don't

respond to it then they are going to look to have a judgment entered against

you, then the judgment they do a property assessment evaluation since you

do own your home they will put a lien against your home and you won't be

able to sell it, you won't be able to do any refinancing along with that since

you are gainfully employed and with Georgia being a garnishable state they

will look to take 25% of your income.

43. On July 18, 2006, Defendant Prather, on behalf of Defendant TCT and with

the intent to abuse, annoy, deceive, harass and mislead the Plaintiff,

informed the Plaintiff that he had given her the best that he could before the

balance increased against her with attorneys fees pre and post cost judgment fees.

44.     On July 18, 2006, Defendant Prather, on behalf of Defendant TCT, requested that the Plaintiff call him back on Friday regarding payment of the debt.

45.     On July 18, 2006, Defendant Prather, on behalf of Defendant TCT, engaged in the unauthorized practice of law by attempting to advise the Plaintiff of the legal protections afforded by the U.S. Bankruptcy Code.

46.     Upon information and belief, as of July 18, 2006, the Defendants did not hold a judgment against the Plaintiff to collect the debt.

47.     Upon information and belief, as of July 18, 2006 the Defendants did not have the legal right to garnish the Plaintiff's wages.

48.     On July 21, 2006, Plaintiff called the Defendants in an effort to repay the debt.

49.     On July 21, 2006, Plaintiff spoke with Defendant Prather regarding repayment on the debt.

50.     On July 21, 2006, Plaintiff informed Defendant Prather that she was only able to obtain $1,000.00 to settle the debt.

51.    On July 21, 2006, Defendant Prather, on behalf of Defendant TCT and with

the intent to abuse, annoy, deceive, harass and mislead the Plaintiff, asked

the Plaintiff if she had ever applied for a refinance [of her home] because he

had an individual that he dealt with and he dealt with difficulties.

52.    On July 21, 2006, Plaintiff informed Defendant Prather that she was not

willing to put her house in jeopardy.

53.    On July 21, 2006, Defendant Prather, on behalf of Defendant TCT and with

the intent to abuse, annoy, deceive, harass and mislead the Plaintiff,

informed the Plaintiff that it's not in jeopardy ma'am, it's a way for you to

get out of debt and it is also a way for you to get this matter resolved

voluntarily see because your home is an asset that you have and they can put

a lien against your property ma'am I'm trying to prevent that from

happening as well as a garnishment entered against you the State of Georgia

is 25%...as it stands right now these attorneys here they don't play they are

going to attack you to get this matter resolved by any means necessary that

is afforded to them in the state of Georgia we have a very serious problem

here that's why I tried to offer you a settlement to save yourself some of the

obligation.

54.   On July 21, 2006, Defendant Prather, on behalf of Defendant TCT and with
      the intent to abuse, annoy, deceive, harass and mislead the Plaintiff, stated to
      the Plaintiff that if you file bankruptcy that is your legal right I can't tell you
      what to do as far as bankruptcy but however when you file bankruptcy
      you're still going to have to pay this matter anyway because the bankruptcy
      laws have changed you just can't go file bankruptcy like you did before
      October of last year, the situation has changed now these credit card
      companies and institutions they want their money.

55.   On July 21, 2006, Defendant Prather, on behalf of Defendant TCT and with
      the intent to abuse, annoy, deceive, harass and mislead the Plaintiff, told the
      Plaintiff that I'm trying to facilitate you to get the matter resolved
      voluntarily before this becomes a legal matter before a suit is filed against
      you there in Douglas county the sheriff is going to come and serve you a
      summons and complaint and then after that you are going to have to appear
      before a judge and then explain the situation to him.

56.   On July 21, 2006, Plaintiff informed Defendant Prather that at this time she
      thought it was best that she listen to her grandfather and file bankruptcy.

57. On July 21, 2006, Defendant Prather, on behalf of Defendant TCT and with the intent to abuse, annoy, deceive, harass and mislead the Plaintiff, told the Plaintiff bankruptcy is a public admission of failure.

58. On July 21, 2006, Defendant Prather, on behalf of Defendant TCT and with the intent to abuse, annoy, deceive, harass and mislead the Plaintiff, asked the Plaintiff if she was a failure.

59. On July 21, 2006, Defendant Prather, on behalf of Defendant TCT and with the intent to abuse, annoy, deceive, harass and mislead the Plaintiff, stated to the Plaintiff the thing of it is you have to qualify for bankruptcy ma'am; first of all you're gainfully employed, that's the main thing right there if you were unemployed I could see that then you would have grounds for bankruptcy but they have to do what they call a debt to income ratio based upon your debt, based upon what you get paid per month and since you do own your home so that's another asset that you have as well.

60. On July 21, 2006, Defendant Prather, on behalf of Defendant TCT and with the intent to abuse, annoy, deceive, harass and mislead the Plaintiff, asked the Plaintiff why doesn't she give his man a call to try to get her home refinanced.

61.    On July 21, 2006, Plaintiff told Defendant Prather that she was not putting her home on the line because it was all she had left.

62.    On July 21, 2006, Defendant Prather, on behalf of Defendant TCT and with the intent to abuse, annoy, deceive, harass and mislead the Plaintiff, told the Plaintiff well that's what I'm saying it's on the line right now ma'am do you want to lose your home Ms. Holmes?

63.    On July 21, 2006, Plaintiff asked Defendant Prather what do you mean do I want to lose my home, you're going to take my home?

64.    On July 21, 2006, Defendant Prather, on behalf of Defendant TCT and with the intent to abuse, annoy, deceive, harass and mislead the Plaintiff, told the Plaintiff they are gonna put a line against your home Ms. Holmes, I'm just telling you the truth now; I'm telling you the truth as it stands right now this is a legal matter and they want immediate affirmative action so as it stands right now I am trying to help you out and get this matter resolved voluntarily.

65.    On July 21, 2006, Defendant Prather, on behalf of Defendant TCT and with the intent to abuse, annoy, deceive, harass and mislead the Plaintiff, told the Plaintiff if you file bankruptcy it won't be a Chapter 7 it might be a 13 because these creditors they want their money back, if you file bankruptcy

you still are gonna have to pay the bill Ms. Holmes…if you file Chapter 7

then you're gonna be discharged from the obligation, if Chapter 7 denied

then they put you on a 13 that's what they call a repayment arrangement

you're gonna have to pay the creditors anyway.

66.   On July 21, 2006, Plaintiff informed Defendant Prather that she would rather

just take her chances with the Courts.

67.   On July 21, 2006, Defendant Prather, on behalf of Defendant TCT and with

the intent to abuse, annoy, deceive, harass and mislead the Plaintiff, told the

Plaintiff along with that court its going to be attorneys fees to pay the

attorney pre and post cost judgment fees then a judgment is going to be

entered on your credit.

68.   On July 21, 2006, Plaintiff asked Defendant Prather what do you mean pre

and post cost judgment fees.

69.   On July 21, 2006, Defendant Prather, on behalf of Defendant TCT and with

the intent to abuse, annoy, deceive, harass and mislead the Plaintiff, told the

Plaintiff when you go to court for this you going to have to appear before a

judge in Douglas county ok, they are going to serve you with a summons

and complaint.

70.  On July 21, 2006, Plaintiff asked Defendant Prather when are they going to serve me.

71.  On July 21, 2006, Defendant Prather, on behalf of Defendant TCT and with the intent to abuse, annoy, deceive, harass and mislead the Plaintiff, told the Plaintiff they are going to serve you by the end of this month.

72.  On July 21, 2006, Plaintiff asked Defendant Prather Douglas county is going to serve me.

73.  On July 21, 2006, Defendant Prather, on behalf of Defendant TCT and with the intent to abuse, annoy, deceive, harass and mislead the Plaintiff, told the Plaintiff that is correct then once it goes to suit status ma'am then you're gonna have to appear before a judge on a court date and when it goes to court the attorneys here are going to look to have a judgment entered against you and when a judgment is entered ma'am the court is going to order you to pay 25% from Well Star and there is no way that you can get around.

74.  On July 21, 2006, Defendant Prather, on behalf of Defendant TCT, engaged in the unauthorized practice of law by attempting to advise the Plaintiff of the legal protections afforded by the U.S. Bankruptcy Code.

75.  Upon information and belief, as of July 21, 2006, the Defendants did not hold a judgment against the Plaintiff to collect the debt.

15

76.    Upon information and belief, as of July 21, 2006 the Defendants did not have the legal right to garnish the Plaintiff's wages.

77.    Upon information and belief, as of July 21, 2006, the Defendants did not have the legal right to place a lien on the Plaintiff's home.

78.    As of August 1, 2006, Plaintiff had not been served with a Summons and Complaint regarding the debt.

79.    After the Plaintiff spoke with the Defendants in an effort to settle the debt, she suffered actual damages in the form of fear, anger, anxiety, emotional distress, frustration, amongst other negative emotions.

80.    Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of anger, anxiety, emotional distress, and frustration, amongst other negative emotions.

## V. CAUSES OF ACTION

81.    The Defendants violated the FDPCA by engaging in conduct the natural consequence of which was to harass, oppress and/or abuse the plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

82.    The Defendants violated the FDCPA by using language the natural consequence of which was to abuse the Plaintiff, in violation of 15 U.S.C. §1692d(2).

83.    The Defendants violated the FDCPA by using false, deceptive and/or misleading representations and/or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

84.    The Defendants violated the FDCPA by falsely representing the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

85.    The Defendant violated the FDCPA by falsely representing the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

86.    The Defendants violated the FDCPA by falsely representing that nonpayment of the debt would result in the garnishment, attachment or sale of any property or wages of the plaintiff, in violation of 15 U.S.C. §1692e(4).

87.    The Defendants violated the FDCPA by threatening to take action that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5).

88.    The Defendants violated the FDCPA by using false representations and/or deceptive means to collect on a debt, in violation of 15 U.S.C. § 1692e(10).

89.    The Defendants violated the FDCPA by using unfair and/or unconscionable means to attempt to collect the debt, in violation of 15 U.S.C. § 1692f.

90.    The Defendants violated the FDCPA by attempting to collect an amount not authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. § 1692f(1).

91.    As a result of the foregoing violations of the FDCPA, the Defendants are liable to Plaintiff for actual damages, statutory damages, and attorney fees and costs in accordance with 15 U.S.C. § 1692k.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kelly Holmes prays that judgment be entered against the Defendants for the following:

A.    Award Plaintiff actual damages;

B.    Award Plaintiff statutory damages of $1,000.00 per Defendant;

C.    Award Plaintiff costs of this action, including reasonable attorneys' fees and expenses; and

D.    Such other and further relief that the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all Issues.

Dated: August 2, 2006.

                Respectfully submitted,

                LAW OFFICE OF LISA D. WRIGHT, LLC

                By:

                    Lisa D. Wright
                    Attorney for Plaintiff
                    Georgia State Bar No. 268781

235 Peachtree Street, NE
Suite 888
Atlanta, Georgia 30303
404-588-1181 (Office)
404-588-1182 (Fax)
attorneywright@prodigy.net

19

## VERIFICATION OF COMPLAINT AND
## CERTIFICATION BY PLAINTIFF

I, Kelly Holmes, having first been duly sworn and upon oath, deposes and says as follows:

1.    I am a Plaintiff in this civil proceeding.

2.    I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.    I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4.    I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant named in the Complaint.

5.    I have filed this civil Complaint in good faith and solely for the purposes set

forth in it.

Kelly Holmes
Plaintiff

Sworn and subscribed before
Me this 2nd day of August, 2006

NOTARY PUBLIC

My commission expires:        Notary Public, Paulding, Georgia
                              My Commission Expires August, 6 2009