IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KELLY HOLMES,<br>    Plaintiff, | )<br>)<br>) |
| v. | ) CIVIL ACTION<br>) FILE NO.: 1:06-CV-1806-MHS |
| TRAUNER COHEN & THOMAS, L.L.P.,<br>ROBERT PRATHER,<br>    Defendants. | )<br>)<br>)<br>) |

## PLAINTIFF'S SECOND MOTION FOR PROTECTIVE ORDER COVERING PLAINTIFF'S DEPOSITION & LEGAL AUTHORITY

COMES NOW Plaintiff Kelly Holmes, by and through counsel, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and files her Second Motion for a Protective Order and states as follows:

1. Plaintiff Holmes contends that the Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692d, 1692d(2), 1692e, 1692e(2)(A), 1692e(4), 1692e(5), 1692e(10), 1692f, and 1692f(1).

2. On January 2, 2007, Defendant served a Notice to Take Deposition of Plaintiff Kelly Holmes at the Defendant's attorneys' offices of Weinstock & Scavo, P.C., 3405 Piedmont Road, N.E., Atlanta, Georgia 30305 on January 12, 2007.

3. On January 3, 2007, Plaintiff's counsel sent the Defendant's counsel a written request that the Plaintiff's deposition be held at either the office of Plaintiff's Counsel, a Court Reporter's Office, or at a location within the United States District Court for the Northern District of Georgia Courthouse based the upon issues which arose during the depositions held in <u>Chew v. TCT</u>.

4. On January 3, 2007, Defendant TCT's Attorney Cohan responded via email that the Defendant had every right to notice the Plaintiff's deposition at the law offices of Weinstock & Scavo and they would proceed as noticed.

5. On January 3, 2007, Plaintiff's counsel reiterated the details that arose during the Plaintiff and witness depositions taken in <u>Chew v. TCT</u> and confirmed that the Plaintiff would not appear for her deposition at the offices of counsel for the Defendant; Plaintiff's counsel also requested that the Defendant confirm that he was refusing to amend the Notice of Deposition for an alternate location.

6. Counsel for Defendant TCT sent a reply email; however, he failed to state that he would amend the Notice of Deposition for Mrs. Holmes to appear at a location other than his offices for her deposition.

7. Plaintiff's counsel again requested a confirmation from Attorney Louis Cohan that he was unwilling to change the location so that a Motion for Protective Order could be filed.

8. On January 6, 2007, Plaintiff filed for a Motion for Protective Order regarding the location of her deposition.

9. On January 8, 2007, Defendants filed a Motion for Protective Order regarding the location of the Defendants depositions.

10. On January 11, 2007, the Court issued an Order directing that the Plaintiff and Defendants' depositions be held in their respective counsels' office.

11. On January 11, 2007 at approximately 3:04 p.m. counsel for the Defendants sent a facsimile with an Amended Notice of Deposition for the Plaintiff's deposition to be taken on Tuesday, January 16, 2007. Exhibit 1.

12. On January 12, 2007, Plaintiff's counsel sent a letter via U.S. Mail, facsimile and email to the Defendants counsel that Mrs. Holmes was unavailable for her deposition with only one business day's notice and that she would not appear. Exhibit 2.

13. On January 12, 2007, Defendants counsel telephoned Plaintiff's counsel and it was again reiterated that the Plaintiff was unavailable for her deposition to be taken on January 16, 2007 and that an alternate date was needed.

14. On January 12, 2007, counsel for the parties agreed to discuss alternative dates for both the Plaintiff's and the Defendants depositions on Monday, January 15, 2007 (despite the fact that it was a holiday).

15. On January 15, 2007 at 1:45pm, counsel for the Defendant telephoned Plaintiff's counsel and insisted upon appearing for the Plaintiff's deposition on January 16, 2007; Plaintiff's counsel again stated that Mrs. Holmes was not available for her deposition on one business day's notice and that she would not appear. Defendants counsel requested to appear with a Court Reporter to prepare a record that Mrs. Holmes would not appear.

16. Federal Rule of Civil Procedure 26(c) provides that upon motion by a party, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending, or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice so requires to protect a party from annoyance, embarrassment, oppression, or undue burden or expense, including (1) that the discovery not be had; and (2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place.

17. "A protective order is warranted if the party from whom discovery is sought shows "good cause," such as "annoyance, embarrassment, oppression, or undue burden or expense. F.R.C.P. 26(c)." Payton v. Sears, Roebuck & Company, 148 F.R.D. 667, 668 (N.D. Ga. 1993).

18. Federal Rule of Civil Procedure 30(b)(1) states that a party must give reasonable notice. Howard v. Everex Systems, Inc., 228 F.3d 1057, 1067 (9th Cir. 2000); United States v. Phillip Morris, Inc., 312 F. Supp. 2d 27 (D.D.C. 2004)(three days notice for busy professionals is not reasonable).

19. Plaintiff Holmes is one of only two Patient Financial Coordinators for Wellstar Cobb Hospital. Plaintiff Holmes was unavailable to secure time off from work with only one business day's notice, as there was no other Patient Financial Coordinator available to work on Tuesday, January 16, 2007.

20. Plaintiff Holmes (and her counsel) is more than willing to appear for her deposition in this action upon reasonable notice; one business day's notice was not reasonable created an undue burden to the Plaintiff.

21. Plaintiff Holmes requests that this Court enter a Protective Order for her January 16, 2007 deposition because the Notice of Deposition – Amended failed to provide the Plaintiff with reasonable notice to appear for the Deposition.

22. For all of the reasons set forth herein, and in accordance with the Federal Rules of Civil Procedure and supporting case law, Plaintiff requests that this Court issue a Protective Order for her January 16, 2007 deposition.

WHEREFORE, Plaintiff Kelly Holmes requests that this Court issue a Protective Order for her January 16, 2007 deposition.

### RULE 26(C) CERTIFICATION

Counsel for Plaintiff certifies that she has in good faith conferred and/or attempted to confer with counsel for the Defendants in an effort to resolve this dispute without court action.

### LOCAL RULE 7.1D CERTIFICATION

Pursuant to Local Rule 7.1D, I certify that the Plaintiff's Second Motion for Protective Order & Legal Authority has been prepared with Times New Roman 14 Point, the font and point selections approved by this Court in Local Rule 5.1B.

Dated: January 15, 2007.

                Respectfully submitted,

                LAW OFFICE OF LISA D. WRIGHT, LLC

                By:   s/Lisa D. Wright
                        Lisa D. Wright
                        Attorney for Plaintiff
                        Georgia State Bar No. 268781

235 Peachtree Street, NE Suite 888
Atlanta, Georgia 30303
404-588-1181 (Office)
404-588-1182 (Facsimile)
attorneywright@prodigy.net

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KELLY HOLMES,<br>    Plaintiff,<br><br>    v.<br><br>TRAUNER COHEN & THOMAS, L.L.P.,<br>ROBERT PRATHER,<br>    Defendants. | )<br>)<br>)<br>)<br>)  CIVIL ACTION<br>)  FILE NO.: 1:06-CV-1806-MHS<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed Plaintiff's Second Motion for Protective Order Covering Plaintiff's Deposition, with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

    Mr. Louis Cohan
    Mr. William Osterbrock

Dated: January 15, 2007.

        Respectfully submitted,

        LAW OFFICE OF LISA D. WRIGHT, LLC

    By:    <u>s/Lisa D. Wright</u>
            Lisa D. Wright
            Attorney for Plaintiff
            Georgia State Bar No. 268781

235 Peachtree Street, NE
Suite 888
Atlanta, Georgia 30303
404-588-1181
404-588-1182 (Fax)
attorneywright@prodigy.net